# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| 7 SPRINGS ELECTRONICS, INC.  ) | |
| ) | |
| *Plaintiff*,  ) | |
| ) | **Civil Action Number:** |
| vs.  ) | _____ |
| ) | |
| PARTS HANGAR, INC.,  ) | |
| INTEGRATED PUBLISHING, INC.,  ) | |
| and RICHARD OSBORNE Individually  ) | |
| ) | |
| *Defendants*.  ) | |
| ) | |

## [PROPOSED] ORDER

The Court has considered Plaintiff 7 Springs Electronics, Inc.'s Verified Complaint and Emergency Motion for Temporary Restraining Order. The Court finds that absent immediate injunctive relief, irreparable harm to Plaintiff is threatened in the form of the loss of web traffic, prospective customers, revenue, and Plaintiff's goodwill.

Having determined that the requirements of Fed. R. Civ. P. 65 (b) are satisfied, and having further found that the exigencies of the situation require the entry of an Order to prevent irreparable harm to Plaintiff,

-2-

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Each provision of this Order regarding Defendants Parts Hangar, Inc., Integrated Publishing, Inc., and Richard Osborne shall also include and be binding on all of the officers, agents, servants, and employees of the same, as well as any persons in active concert or participation with any Defendant who receives notice of this Order by personal service or otherwise;

2. That with respect to Plaintiff 7 Springs Electronics, Inc.'s website identified in the Verified Complaint and the Parts Hangar, Inc.'s website, Defendants are ordered to refrain from redirecting web traffic from Plaintiff 7 Springs Electronics, Inc.'s website to any website associated with any of the Defendants;

3. That Defendants are ordered to refrain from stating or suggesting—in any form—that there exists any association, partnership, and business relationship between themselves and Plaintiff 7 Springs Electronics, Inc.;

4. That all sales proceeds from the Parts Hangar, Inc. website be deposited into the registry of the Court;

5. That within fourteen (14) calendar days from the date of entry of this Order there be an equitable accounting of all sales proceeds from the Parts Hangar, Inc. website for the past six (6) months provided to the Court and all parties;

-3-

6. That within fourteen (14) calendar days from the date of entry of this Order there be an equitable accounting of all sales proceeds from the Integrated Publishing, Inc. website for the past six (6) months provided to the Court and all parties; and

7. This Order shall expire thirty (30) days from the date of entry. Further, a hearing on whether a preliminary injunction is appropriate is scheduled for January \_\_\_\_, 2014.

8. This Court grant such other and further relief that it deems equitable and necessary under the circumstances.

DATED this _____ day of December, 2013.

HOUR of issuance: _____

_____
JUDGE, UNITED STATES DISTRICT COURT