## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

7 SPRINGS ELECTRONICS, INC.,

       Plaintiff,

vs.                                   CASE NO. 8:14-cv-00266-T-17 EAJ

PARTS HANGAR, INC., INTEGRATED
PUBLISHING, INC. and RICHARD OSBORNE,

       Defendants.

_____/

### DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT PRESENTING DEFENSES UNDER RULE 12(b)

Defendants, Parts Hangar, Inc. ("Parts Hangar"), Integrated Publishing, Inc. ("Integrated Publishing") and Richard Osborne ("Osborne") (collectively "Defendants"), pursuant to Rules 8(b) and 12(b), Federal Rules of Civil Procedure, file their Answer and Defenses to Plaintiff 7 Springs Electronics, Inc.'s ("Plaintiff") Complaint ("Complaint").

### ANSWER

1.      Defendants admit that Plaintiff is a Florida corporation as alleged in paragraph 1, but deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph as the principal location for Plaintiff during the time Defendant Integrated Publishing was doing business with Plaintiff was 40347 US Highway 19 North, Suite 105, Tarpon Springs, Florida.

2.      Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Defendants admit the allegations in paragraph 3.

4.      Defendants admit the allegations in paragraph 4.

5.      Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      Defendants admit only that Osborne is the President of Integrated Publishing and the Vice President of Parts Hangar.  Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7.

8.      Defendants admit only that this Court has subject matter jurisdiction over Count I and Count II, but specifically deny any liability thereunder.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9 and further state that Georgia state law has no application to Defendants and the allegations in the Complaint as Defendant Integrated Publishing has done no business with Plaintiff since it allegedly moved to Georgia and the other Defendants have never done business directly with Plaintiff.

10.      Defendants deny the allegations in paragraph 10.

11.      Defendants deny the allegations in paragraph 11.  Upon information and belief, at all times when Defendant Integrated Publishing did business with Plaintiff, Plaintiff stocked very little electronic components but rather resold components stocked by other companies.

12.      Defendants deny the allegations in paragraph 12.

13.      Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.      Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.  Upon information and belief, at all times when

Defendant Integrated Publishing did business with Plaintiff, Plaintiff generate no substantial business through its online presence, but rather purchased leads from Defendant Integrated Publishing that it generated through its online presence.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.  Defendants state further that Plaintiff engaged Integrated Publishing to maintain its website from March 2011 through May 2013.  After May 2013, Plaintiff engaged a different unknown entity to maintain its website.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.  Defendants state further, upon information and belief, that during all times in which Defendant Integrated Publishing did business with Plaintiff, its website did not account for a significant amount of business.  Rather, Plaintiff purchased leads from Defendant Integrated Publishing that were generated from its online presence for a period of time.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.  Defendants state further that Plaintiff ceased paying for leads from Defendant Integrated Publishing in or about July 2013.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.  Defendants state further that Plaintiff ceased paying for leads from Defendant Integrated Publishing in or about July 2013.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     Defendants re-allege the responses set forth in paragraphs 1-42.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants admit that they were not authorized to access 7 Springs' computers after Defendant Integrated Publishing ceased providing services to 7 Springs and deny the remainder of the allegations in paragraph 46.   Defendants state further that no Defendant accessed a 7 Springs computer after Defendant Integrated Publishing severed its business relationship with 7 Springs due to non-payment by 7 Springs.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants re-allege the responses set forth in paragraphs 1-49.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants re-allege the responses set forth in paragraphs 1-54.

56.     Defendants deny the allegations in paragraph 56.   Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

57.     Defendants deny the allegations in paragraph 57.   Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

58.     Defendants deny the allegations in paragraph 58.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants re-allege the responses set forth in paragraphs 1-59.

61.     Defendants deny the allegations in paragraph 61.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants re-allege the responses set forth in paragraphs 1-59.

67.     Defendants are without knowledge as to the allegations in paragraph 67. Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

68.     Defendants deny the allegations in paragraph 68.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

69.     Defendants deny the allegations in paragraph 69.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

70.     Defendants deny the allegations in paragraph 70.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

71.     Defendants deny the allegations in paragraph 71.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

72.     Defendants deny the allegations in paragraph 72.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

73.     Defendants deny the allegations in paragraph 73.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

74.     Defendants deny the allegations in paragraph 74.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

75.     Defendants deny the allegations in paragraph 75.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

76.     Defendants deny the allegations in paragraph 76.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

77.     Defendants deny the allegations in paragraph 77.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

78.     Defendants deny the allegations in paragraph 78.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

79.     Defendants deny the allegations in paragraph 79.  Defendants state further that they are not governed by Georgia law and Georgia law is inapplicable to the allegations in the Complaint.

80.     Defendants re-allege the responses set forth in paragraphs 1-59.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.      Defendants re-allege the responses set forth in paragraphs 1-42.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants re-allege the responses set forth in paragraphs 1-65.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants re-allege the responses set forth in paragraphs 1-97.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants re-allege the responses set forth in paragraphs 1-97.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants re-alleges the responses set forth in paragraphs 1-97.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants re-allege the responses set forth in paragraphs 1-97.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

WHEREFORE, Defendants request the Court dismiss Plaintiff's Complaint, that Plaintiff take nothing by this action, and that the Court award to Defendants their reasonable attorneys' fees and costs incurred in defending this action and grant Defendants such other and further relief as the Court deems just and appropriate.

## DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the laws cited are inapplicable to the Defendants and the allegations, and the facts alleged, even if true, do not as a matter of law meet the elements of the causes of action set forth therein.

2.    Defendants allege that Plaintiff's claims are barred by the equitable doctrines of estoppel and unclean hands for the reasons set forth:

    a.    Plaintiff hired Defendant Integrated Publishing in or about March 2011 to generate sales leads for its business.

    b.    Defendant Osborne has never had an individual business relationship with Plaintiff, but rather always acted through and on behalf of Defendant Integrated Publishing.

    c.    Defendant Parts Hangar has never done business with Plaintiff.

d.   Under the agreement between Defendant Integrated Publishing and Plaintiff, Plaintiff agreed to pay a fixed amount for each lead generated by Defendant Integrated Publishing, for which Plaintiff was invoiced on a monthly basis.

e.   As a mechanism to generate leads, Defendant Integrated Publishing designed, hosted and actively maintained a website with the url www.components-source.com. From this website, Defendant was able to direct traffic to Plaintiff's website with the url www.7springselectroninc.com.  For each lead which was sent from Defendant's website to Plaintiff's website, Plaintiff would be invoiced $2.50.

f.    Plaintiff ceased payment of Defendant Integrated Publishing's invoices after July 2013.  Despite this, Defendant continued providing services for which it was never paid through approximately September 2013.

g.   At that time, Defendant Integrated Publishing ceased forwarding leads to Plaintiff and removed Plaintiff's information for Defendant's website.

h.   Rather than pay the outstanding invoices or continue to engage Defendant to provide leads under the agreement, Plaintiff demanded that Defendant Integrated Publishing continue to work for no compensation under the threat of litigation.

i.   Having no relation to the state of Georgia other than Plaintiff purported moving its office there after ceasing payments to Defendant Integrated Publishing, and in an effort to unduly burden Defendants, Plaintiff filed suit in an inappropriate venue.

j.  In Plaintiff's Complaint it asserts verified allegations that it knows or should know are false, including that Defendants have altered Plaintiff's website, which has been maintained and hosted by a third party since approximately May 2013.

k.  As a result of these actions, Plaintiff has unclean hands and/or is estopped from pursuing the claims set forth in its Complaint.

WHEREFORE, Defendants request the Court dismiss Plaintiff's Complaint, hold that Plaintiff is estopped from maintain the action, that Plaintiff take nothing by this action, and that the Court award to Defendants their reasonable attorneys' fees and costs incurred in defending this action and grant Defendants such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants demand a trial by jury on all eligible claims.


Respectfully submitted,


/s/Michael Stanton
Michael J. Stanton
Florida Bar No.: 0389463
mstanton@sclawyergroup.com
Sean P. Cronin
Florida Bar No.: 0412023
scronin@sclawyergroup.com
**STANTON CRONIN LAW GROUP, P.L.**
6944 West Linebaugh Ave., Suite 102
Tampa, FL 33625
Telephone: (813) 444-0155
Facsimile: (813) 422-7955
*Counsel for Defendants Parts Hangar, Inc., Integrated Publishing, Inc. and Richard Osborne*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF, which will send electronic filing to all attorneys of record.

/s/ Michael Stanton
Attorney