**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|   |   |
|---|---|
| 7 SPRINGS ELECTRONICS, INC., ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | 8:14-cv-00266-EAK-AEP |
| v. ) | |
| PARTS HANGAR, INC., ) | |
| INTEGRATED PUBLISHING, INC., ) | |
| and RICHARD OSBORNE, ) | |
| Defendants. ) | |

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures due on or before** | **Monday, May 19, 2014** |
| **Certificate of Interested Persons Corporate Disclosure Statement due on or before** | **Monday, May 19, 2014** |
| **Motion to Add Parties or to Amend Pleadings due on or before** | **Monday, June 23, 2014** |
| **Rule 26(a)(2) expert disclosures ("initial expert disclosures")** | **Monday, December 1, 2014** |
| **Fact Discovery Deadline** | **Tuesday, December 23, 2014** |
| **Plaintiff's Rule 26(a)(2) expert report due on or before** | **Friday, January 23, 2015** |
| **Defendants' Rule 26(a)(2) expert report due on or before** | **Monday, February 23, 2015** |
| **Expert Discovery Deadline ("expert deposition deadline")** | **Friday, April 24, 2015** |
| **Dispositive and *Daubert* Motions due on** | **Monday, May 25, 2015** |

| | |
|---|---|
| or before | |
| **All Other Motions Including Motions *In Limine* due on or before** | **Monday, September 21, 2015** |
| **Final Pretrial Conference** | **Friday, October 2, 2015** |
| **Trial Briefs** | **Monday, October 19, 2015** |
| **Trial Term Begins** | **Monday, November 2, 2015** |
| **Estimated Length of Trial (Trial Days)** | **5-7** |
| **Jury/Non-Jury** | **Jury** |
| **Mediation Deadline:**  **Mediator:** **Address:** **Telephone:** **[Absent arbitration, mediation is mandatory]** | **To Be Determined at a Later Date** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____** **No ✓** **Likely to Agree in Future _____** |

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **April 2, 2014** (date) at **3:30 P.M.** (time) (check one) (✓) by telephone (or) (__) at _____ (place) and was attended by:

    Name                                                                             Counsel for (if applicable)

**Alex B. Kaufman**                         **Plaintiff [Pro Hac Admission pending]**

**Samuel J. Warman**                    **Plaintiff**

**Eric Ludin**                                     **Plaintiff [Appearance Pending]**

**Michael J. Stanton**                      **Defendants**

2. <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

  ✓  have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **May 19, 2014** (date).[2]

  ___  stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) forthe specific reason(s) that:

_____
_____
_____
_____

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

\_\_\_    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____
_____

3.    <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

**To Be Determined at a Later Date**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**To Be Determined at a Later Date**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

**To Be Determined at a Later Date**

(4) <u>Oral Depositions</u>:

**To Be Determined at a Later Date**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

**To Be Determined at a Later Date**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**December 1, 2014**

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**To Be Determined at a Later Date**

d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **Fact Discovery – December 23, 2014; Expert Discovery (i.e. expert depositions) – April 24, 2015** (date).

4. Discovery Plan - Defendants: The parties jointly propose the following Defendants' discovery plan:

a. Defendants' Planned Discovery: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**To Be Determined at a Later Date**

Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**To Be Determined at a Later Date**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

**To Be Determined at a Later Date**

(4) <u>Oral Depositions</u>:

**To Be Determined at a Later Date**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed length of Deposition</u> | <u>Grounds</u> |
|---|---|---|

**To Be Determined at a Later Date**

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**December 1, 2014**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**To Be Determined at a Later Date**

d. <u>Completion of Discovery</u>: Defendants will commence all discovery in time for it to be completed on or before **Fact Discovery – December 23, 2014; Expert Discovery (i.e. expert depositions) – April 24, 2015** (date).

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

(a) **Defendants will, at their earliest convenience, search for and make available to Plaintiffs any unpaid invoices or similar demand letters sent by Defendants to Plaintiff.**

(b) **The parties agree to accept receipt of discovery materials via electronic mail, cloud computing/sharing, or other similar methods of conveyance over the Internet.**

(c) **The parties agree that, when technologically feasible, digital discovery materials, and in particular any Portable Document Format (PDF) files, will have their text optically recognized to enable computer searching of their contents.**

(d) **Confidentiality agreements and electronic discovery search terms - To Be Determined at a Later Date**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None at This Time.**

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **May 25, 2015**. (Note time limit in Local Rule 4.03.)

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

  Parties agree that settlement is

\_\_\_\_ likely   (check one)

_✓_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
 \_\_\_\_ yes   _✓_ no   \_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.

 \_\_\_\_ yes   _✓_ no   \_\_\_\_ likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
\_\_\_\_ request (check one)
_✓_ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after (date) and for trial on or after (date). This _✓_ **Jury** \_\_\_\_**Non-Jury** trial is expected to take approximately **5-7** days.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 6(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>:

    **None at This Time**

Respectfully submitted this 4th day of April, 2014.

                                          **KAUFMAN, MILLER & FORMAN, P.C.**

                                          ***s/ Samuel J. Warman***
                                          Samuel J. Warman
                                          Florida Bar No.:  0103196
                                          Robert J. Kaufman
                                          (*Pro Hac Vice Pending*)
                                          Georgia Bar No.: 567217
                                          Alex B. Kaufman
                                          (*Pro Hac Vice Pending*)
                                          Georgia Bar No.: 136097
                                          Matthew D. Treco
                                          (*Pro Hac Vice Pending*)
                                          Georgia Bar No.: 802181

KAUFMAN, MILLER & FORMAN, P.C.
8215 Roswell Road, Building 800
Atlanta, GA 30350
Telephone    (770) 390-9200
Facsimile     (770) 395-6720
E-mail:        sjw@kauflaw.net
                 rjk@kauflaw.net
                 abk@kauflaw.net
                 mdt@kauflaw.net
*Attorneys for Plaintiff*

*(SIGNATURES CONTINUE TO FOLLOWING PAGE)*

*s/ Michael J. Stanton*_____
Michael J. Stanton
Florida Bar No.: 0389463
Sean P. Cronin
Florida Bar No.: 0412023

STANTON CRONIN LAW GROUP, P.L.
6944 West Linebaugh Ave., Suite 102
Tampa, FL 33625
Telephone     (813) 444-0155
Facsimile     (813) 422-7955
E-mail:     mstanton@sclawyergroup.com
            scronin@sclawyergroup.com
*Attorneys for Defendants*

I:\WP\CW\8841-001\Motion\Draft Motions\Case Management Report Final.docx

## CERTIFICATE OF SERVICE

I hereby certify that on April 4th, 2014, I have electronically filed **CASE MANAGEMENT REPORT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

**KAUFMAN, MILLER & FORMAN, P.C.**

*s/ Samuel J. Warman*_____
Samuel J. Warman
Florida Bar No.:  0103196
Robert J. Kaufman
(*Pro Hac Vice Pending*)
Georgia Bar No.: 567217
Alex B. Kaufman
(*Pro Hac Vice Pending*)
Georgia Bar No.: 136097
Matthew D. Treco
(*Pro Hac Vice Pending*)
Georgia Bar No.: 802181

KAUFMAN, MILLER & FORMAN, P.C.
8215 Roswell Road, Building 800
Atlanta, GA 30350
Telephone    (770) 390-9200
Facsimile     (770) 395-6720
E-mail:        sjw@kauflaw.net
                   rjk@kauflaw.net
                   abk@kauflaw.net
                   mdt@kauflaw.net
*Attorneys for Plaintiff*

I:\WP\CW\8841-001\Motion\Draft Motions\Case Management Report Final.docx