UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

7 SPRINGS ELECTRONICS, INC.,

    Plaintiff,

vs.                                        CASE NO. 8:14-cv-00266-T-17 EAJ

PARTS HANGAR, INC., INTEGRATED
PUBLISHING, INC. and RICHARD OSBORNE,

    Defendants.
_____/

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED SECOND AMENDED
COMPLAINT PRESENTING DEFENSES UNDER RULE 12(b)**

    Defendants, Parts Hangar, Inc. ("Parts Hangar"), Integrated Publishing, Inc. ("Integrated Publishing") and Richard Osborne ("Osborne") (collectively "Defendants"), pursuant to Rules 8(b) and 12(b), Federal Rules of Civil Procedure, file their Answer and Defenses to Plaintiff 7 Springs Electronics, Inc.'s ("Plaintiff") Complaint ("Complaint").

**ANSWER**

    1.    Defendants admit that Plaintiff is a Florida corporation as alleged in paragraph 1, but deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph as the principal location for Plaintiff during the time Defendant Integrated Publishing was doing business with Plaintiff was 40347 US Highway 19 North, Suite 105, Tarpon Springs, Florida.

    2.    Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

    3.    Defendants admit the allegations in paragraph 3.

    4.    Defendants admit the allegations in paragraph 4.

1

5. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Defendants admit only that Osborne is the President of Integrated Publishing and the Vice President of Parts Hangar. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7.

8. Defendants admit only that this Court has subject matter jurisdiction over Count I and Count II, but specifically deny any liability thereunder. Defendants deny the remaining allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10 only as to venue but specifically deny any wrongdoing as alleged and implied.

11. Defendants deny the allegations in paragraph 11. Upon information and belief, at all times when Defendant Integrated Publishing did business with Plaintiff, Plaintiff stocked very little electronic components but rather resold components stocked by other companies.

12. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. Upon information and belief, at all times when Defendant Integrated Publishing did business with Plaintiff, Plaintiff generate no substantial

business through its online presence, but rather purchased leads from Defendant Integrated Publishing that it generated through its online presence.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19

20. Defendants admit the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25. Defendants state further, upon information and belief, that during all times in which Defendant Integrated Publishing did business with Plaintiff, its website did not account for a significant amount of business. Rather, Plaintiff purchased leads from Defendant Integrated Publishing that were generated from its online presence for a period of time.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants are without knowledge as to the cost 7 Springs' has incurred with respect to hiring programmers, and denies the rest of the allegations in paragraph 45.

46. Defendants are without knowledge as to 7 Springs' financial position and denies the rest of the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50. Defendants admit the allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 51.

52. Defendants re-allege the responses set forth in paragraphs 1-52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants admit that they were not authorized to access 7 Springs' computers after Defendant Integrated Publishing ceased providing services to 7 Springs and deny the remainder of the allegations in paragraph 55. Defendants state further that no Defendant accessed a 7 Springs computer after Defendant Integrated Publishing severed its business relationship with 7 Springs due to non-payment by 7 Springs.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants re-allege the responses set forth in paragraphs 1-60.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants re-allege the responses set forth in paragraphs 1-65.

67. Defendants are without knowledge as to the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75

76. Defendants re-allege the responses set forth in paragraphs 1-75.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants re-allege the responses set forth in paragraphs 1-87.

89. Defendants are without knowledge as to the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants re-allege the responses set forth in paragraphs 1-99.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants re-allege the responses set forth in paragraphs 1-107.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants re-allege the responses set forth in paragraphs 1-111.

113. Defendants admit only that Integrated uses the fictitious name Strategico. All other allegations in paragraph 113 are denied.

114. Defendants deny the allegations in paragraph 114.

115. Defendants admit the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants re-allege the responses set forth in paragraphs 1-117.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

121. Defendants deny the allegations in paragraph 121.

122. Defendants deny the allegations in paragraph 122.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

126. Defendants re-allege the responses set forth in paragraphs 1-125.

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants re-allege the responses set forth in paragraphs 1-131.

133. Defendants deny the allegations in paragraph 133.

134. Defendants deny the allegations in paragraph 134.

135. Defendants deny the allegations in paragraph 135.

136. Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

138. Defendants deny the allegations in paragraph 138.

139. Defendants deny the allegations in paragraph 139.

140. Defendants deny the allegations in paragraph 140.

141. Defendants deny the allegations in paragraph 141.

142. Defendants re-allege the responses set forth in paragraphs 1-141.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

145. Defendants deny the allegations in paragraph 145.

146. Defendants deny the allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147.

148. Defendants re-allege the responses set forth in paragraphs 1-147.

149. Defendants deny the allegations in paragraph 149.

150. Defendants deny the allegations in paragraph 150.

151. Defendants deny the allegations in paragraph 151.

152. Defendants re-allege the responses set forth in paragraphs 1-151.

153. Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

WHEREFORE, Defendants request the Court dismiss Plaintiff's Complaint, that Plaintiff take nothing by this action, and that the Court award to Defendants their reasonable attorneys'

fees and costs incurred in defending this action and grant Defendants such other and further relief as the Court deems just and appropriate.

## DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the laws cited are inapplicable to the Defendants and the allegations, and the facts alleged, even if true, do not as a matter of law meet the elements of the causes of action set forth therein.

2. In the event the jury finds a contract existed, Plaintiffs claims are barred by its own breach of contract due to a failure to timely pay for services already provided.

3. Plaintiff's equitable claims are barred because there are adequate remedies available at law.

4. Defendants allege that Plaintiff's claims are further barred by the equitable doctrines of estoppel and unclean hands for the reasons set forth:

    a. Plaintiff hired Defendant Integrated Publishing in 2011 to generate sales leads for its business.

    b. Plaintiff refused to sign a contract as part of the engagement, but rather agreed to a pay for services, at-will, arrangement.

    c. Defendant Osborne has never had an individual business relationship with Plaintiff, but rather always acted through and on behalf of Defendant Integrated Publishing.

    d. Defendant Parts Hangar has never done business with Plaintiff.

e. Under the agreement between Defendant Integrated Publishing and Plaintiff, Plaintiff agreed to pay a fixed amount for each lead generated by Defendant Integrated Publishing, for which Plaintiff was invoiced on a monthly basis.

f. As a mechanism to generate leads, Defendant Integrated Publishing designed, hosted and actively maintained a website with the url [www.components-source.com](www.components-source.com). From this website, Defendant was able to direct traffic to Plaintiff's website with the url [www.7springselectroninc.com](www.7springselectroninc.com). For each lead which was sent from Defendant's website to Plaintiff's website, Plaintiff would be invoiced $2.50.

g. Plaintiff ceased payment of Defendant Integrated Publishing's invoices after July 2013.  Despite this, Defendant continued providing services for which it was never paid through approximately September 2013.

h. At that time, Defendant Integrated Publishing ceased forwarding leads to Plaintiff and removed Plaintiff's information for Defendant's website.

i. Rather than pay the outstanding invoices or continue to engage Defendant to provide leads under the agreement, Plaintiff demanded that Defendant Integrated Publishing continue to work for no compensation under the threat of litigation.

j. Having no relation to the state of Georgia other than Plaintiff purported moving its office there after ceasing payments to Defendant Integrated Publishing, and in an effort to unduly burden Defendants, Plaintiff filed suit in an inappropriate venue.

    k. In Plaintiff's Complaint it asserts verified allegations that it knows or should know are false, including that Defendants have altered Plaintiff's website, which has been maintained and hosted by a third party since approximately May 2013.

    l. As a result of these actions, Plaintiff has unclean hands and/or is estopped from pursuing the claims set forth in its Complaint.

5. Plaintiff's claim for a constructive trust is barred because the assets sought to be under trust are not specific and identifiable or at least have not been identified as such in the Amended Complaint.

WHEREFORE, Defendants request the Court dismiss Plaintiff's Amended Complaint, hold that Plaintiff is estopped from maintain the action, that Plaintiff take nothing by this action, and that the Court award to Defendants their reasonable attorneys' fees and costs incurred in defending this action and grant Defendants such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants demand a trial by jury on all eligible claims.

Respectfully submitted,

/s/Michael Stanton
Michael J. Stanton
Florida Bar No.: 0389463
mstanton@sclawyergroup.com
Sean P. Cronin
Florida Bar No.: 0412023
scronin@sclawyergroup.com
**STANTON CRONIN LAW GROUP, P.L.**
6944 West Linebaugh Ave., Suite 102

        Tampa, FL 33625
        Telephone: (813) 444-0155
        Facsimile: (813) 422-7955
        *Counsel for Defendants Parts Hangar, Inc.,*
        *Integrated Publishing, Inc. and Richard*
        *Osborne*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 6th day of July 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF, which will send electronic filing to all attorneys of record.

        /s/ Michael Stanton
        Attorney