**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**7 SPRINGS ELECTRONICS, INC.,**

    **Plaintiff,**

**v.**                                                           **Case No. 8:14-cv-266-T-17AEP**

**PARTS HANGAR, INC., INTEGRATED**
**PUBLISHING, INC., and RICHARD OSBORNE,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Under Rule 41(b) ("Motion") (Dkt. 49).   Plaintiff failed to file a timely response thereto.

On November 10, 2014, Plaintiff's counsel filed a Renewed Motion to Withdraw as Counsel for Plaintiff (Dkt. 47).   The Court granted Plaintiff's Renewed Motion to Withdraw on November 14, 2014, and directed Plaintiff to retain new counsel, who was to file a notice of appearance within thirty (30) days pursuant to Local Rule 2.03 (Dkt. 48).

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the Plaintiff fails to prosecute or to comply with procedural rules or an order of the court.   Fed.R.Civ.P. 41(b); *e.g.*, *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).   "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."   *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).   Nevertheless, dismissal with prejudice is a severe sanction that applies appropriately only where there is a clear record of willful

contempt and an implicit or explicit finding that lesser sanctions would not suffice.  *E.g.*, *Gratton*, 178 F.3d at 1374; *Goforth*, 766 F.2d at 1535.

The Court's November 14, 2014 Order explicitly stated that failure to retain new counsel and file a notice of appearance would result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Plaintiff's former counsel was directed to serve such notice upon Plaintiff.  As of the date of this Order, twenty one (21) days have lapsed since the deadline set for Plaintiff to retain and file notice of new counsel in this matter.  Nothing has been filed by Plaintiff in this case since the Court's November 14, 2014 Order.

For the foregoing reasons it is **RECOMMENDED** that:

1. Defendants' Motion (Dkt. 49) be GRANTED IN PART AND DENIED IN PART.  That the Motion (Dkt. 49) be GRANTED as to its request for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  That the Motion (Dkt. 49) be DENIED WITHOUT PREJUDICE as to its request for attorney's fees and costs, with leave to renew by separate motion pursuant to Federal Rule of Civil Procedure 54 and Local Rule 4.18.

**IT IS SO REPORTED** at Tampa, Florida, this 6th day of January, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc).*

Copies furnished to:

Counsel of Record